UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLICKSTEIN; G ASSET
MANAGEMENT,

                Plaintiffs,

-against-

ANKUR BULSARA; SCOPELY, INC.,

                Defendants.

20-CV-3897 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under the Court's diversity jurisdiction, alleging "loss of compensation from intellectual property usage." By order dated May 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Michael Glickstein, a New York resident, brings this complaint against Ankur Bulsara and Scopely, Inc., who are California residents. The complaint set forth the following allegations. Plaintiff, the president of G Asset Management, previously "worked at Goldman Sachs, where [he] had a leadership role on a $15bn transaction." Plaintiff also worked at "leading hedge funds," and has "expertise in a number of sectors, specializing in value investing, including spin-offs and special situation investing, including active strategies to maximize shareholder value." (ECF 2 at 5 ¶ III.)

Plaintiff alleges that he has known defendant Bulsara "for over 30 years," and that they have been "Facebook friends for probably a decade or so." On August 4, 2019, Plaintiff sent

Bulsara an email offering investment strategies. In response, Bulsara wrote back, "Hey Mike, Thanks for reaching out and appreciate the offer and insights." Plaintiff then asserts:

> It turns out Ankur and Scopely very much took my advice, which was great advice actually, doing a financing round for $200mn at a $1.7bn valuation in later October of 2019, a very high valuation compared to the past, like we hoped for them and doubled that offering size in early 2020, raising another $200mn, this time at an even higher valuation . . ."[1]

(*Id.*)

> The complaint continues:

> We believe Ankur and his company did a great job, listening to my advice and acting on it, but we also strongly believe we deserve substantial industry standard compensation for our financial advice, as is customary in the industry. It is also customary in the industry to pay someone for financial advice if one uses it, regardless of having a contract or not.

(*Id.*)

On May 14, 2020, Plaintiff "messaged Ankur about the situation," and offered a "friendly settlement at the low end of what we would accept for fees," but Plaintiff "has not heard back" from him. As a result, Plaintiff "decided to proceed with this lawsuit so that the jury can help make it right." Plaintiff seeks $120,000,000 in damages, which "represents a 6% fee, standard in the investment banking industry," on the "$1,900,000,000 worth of transactions [his] recommendations" generated.[2] (*Id.* at 6 ¶ IV.)

---

[1] The complaint appears to cut off at this point.

[2] Between May 19, 2020, and June 26, 2020, Plaintiff filed seven other *pro se* cases in this District in which he asserts similar claims against other defendants. *See Glickstein v. AB InBev*, ECF 1:20-CV-3845, 2 (LLS) (S.D.N.Y. June 25, 2020) (dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted); *Glickstein v. Nadler*, ECF 1:20-CV-4058, 2 (S.D.N.Y. filed May 26, 2020); *Glickstein v. Johnson*, ECF 1:20-CV-4161, 2 (S.D.N.Y. filed May 29, 2020); *Glickstein v. Lesser*, ECF 1:20-CV-4233, 2 (S.D.N.Y. filed June 3, 2020); *Glickstein v. Pfeffer*, ECF 1:20-CV-4930, 2 (S.D.N.Y. filed June 25, 2020); *Glickstein v. Pensam Capital*, ECF 1:20-CV-4932, 2 (S.D.N.Y. filed June 26, 2020); *Glickstein v. Klein*, ECF 1:20-CV-4394, 2 (S.D.N.Y. Aug, 30, 2020) (dismissed for lack of subject matter jurisdiction and failure to state a claim).

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

**A.      Diversity Jurisdiction**

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff invokes the Court's diversity jurisdiction. He alleges that he resides in New York and that Defendants reside in California, and that the amount in controversy exceeds $75,000. Plaintiff claims that he sent an unsolicited email to Defendants offering strategic

4

financial advice, and that Defendants acted on that advice. Plaintiff claims entitlement to compensation for any benefit Defendants reaped, but he states that there was no contract. In support of Plaintiff's assertion of entitlement to compensation, he cites generally to "industry standard." These facts do not give rise to any viable state law claims, or suggest that Plaintiff is entitled to any relief from Defendants under state law.

**B.     Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not invoke the Court's federal question jurisdiction, and he fails to assert any facts suggesting that he can state any federal claims.

**C.     Claim on Behalf of G Asset Management**

The Court must dismiss G Asset Management's claims. An association or other artificial entity, such as G Asset Management, cannot appear *pro se* in federal court; it can only appear with an attorney. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Eagle Assocs. v. Bank of Montreal*, 926 F. 2d 1305, 1308-10 (2d Cir. 1991).

5

Plaintiff does not assert that he is an attorney. The Court therefore dismisses G Asset Management's claims without prejudice.

## D.     Denial of Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). G Asset Management is dismissed as a party to this action. Plaintiff has consented to receive electronic service (ECF 3.)

SO ORDERED.

Dated:   August 6, 2020
         New York, New York

                                          _____Louis L. Stanton_____
                                                Louis L. Stanton
                                                U.S.D.J.